IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REBECCA L. O'BRIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-81-ECM-CWB |
| | ) |
| CHRISTINE WORMUTH, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Rebecca L. O'Brien, who is proceeding *pro se*, filed this action on February 7, 2023. (Doc. 1). By Order entered November 16, 2023, however, O'Brien was informed that she did not appear to be in compliance with Rule 4 of the Federal Rules of Civil Procedure, which requires that service of process be effectuated within 90 days from the filing of the Complaint, and O'Brien was ordered to show cause by November 30, 2023 as to why this action should not be dismissed. (Doc. 6). Despite that instruction, O'Brien failed to respond.

It is settled that pro se litigants are required to conform to procedural rules and obey court orders. *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order. *Id*. Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. Here, it appears from the record that O'Brien received the court's November 16, 2023 Order no later than November 20, 2023 (*see* Doc. 7) and that she simply elected not to respond—despite being informed of the legal requirement to do so and

1

despite being warned of the consequences that would ensue.  The undersigned Magistrate Judge thus finds that dismissal is warranted under Rule 4(m) of the Federal Rules of Civil Procedure.  Moreover, the undersigned Magistrate Judge further finds that O'Brien's failure to comply with the court's directives or participate in the proceedings as required reflects a clear record of delay and willful contempt and that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where O'Brien has failed to take any action to move her claims forward since filing.

Accordingly, the Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **December 15, 2023**.  An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s).  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.  No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 1st day of December 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**